# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

ANQOUS COSBY, )
)
Plaintiff, )
)
)
)
)
vs. )
)
STATE FARM FIRE AND ) CIVIL ACTION FILE
CASUALTY COMPANY. ) NO. 1:22-cv-03449-ELR
)
Defendant. )
)
)
)

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 27 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## ANSWER TO COUNTERCLAIM OF DEFENDANT
## STATE FARM FIRE AND CASUALTY COMPANY

COMES NOW, Plaintiff Anqous Cosby and answers the individually numbered paragraphs, of the Counter Claim of the Defendant, State Farm and Causality Company (ECF No. 5) as follows:

### FIRST DEFENSE

1. Plaintiff denies the allegations of paragraph 1., and states as a defense: Prior breach by the Defendants, Condition precedent, Fraud, Statutes of Fraud, Unclean Hands, Unconscionability of the contract, Accord and satisfaction, Set-off, Failure to mitigate damages, and Waiver of defendant's right to claim a breach.

1

To the extent State Farm claims Plaintiff *"signed and had notarized on March 22, 2022 (the Confidential Settlement), in return for State Farm's payment of $267,511.00"*. Plaintiff denies the allegation and states, first that the statement is intentionally incomplete and a omission of all the truth, that the Confidential Settlement was a "Conditional Settlement" based upon the Defendants representations, full disclosure of coverages, and correct inflation calculation, and other factors. **SEE: EX: "A and B" Email from attorney Tom Curvin to Plaintiff affirming how the inflation was to be calculated and Email from attorney Karon Grimes with the conditions of settlement**

Also, attorney Curvin stated specifically for the purpose of settlement, that the "application inflation index is the number on the date of loss". Contrary to State Farm's expert witness testimony in *Marion v. State Farm and Casualty Company et al. 1:06-cv-969-LG-RHW* and their pleadings in their Answer to the Plaintiff's Complaint and allegations. **SEE: EX: "C" Email from attorney Tom Curvin to Plaintiff affirming how the inflation was to be calculated**

Finally, the plaintiff is not aware of the exact number State Farm paid over the 4 years of the delays and incremental payments on the plaintiff's policy due to State Farm not revealing the exact amount paid for living and other expenses. Concerning amounts paid, plaintiff denies the defendants exact amount

2

alleged. Plaintiff only admits to the settlement amount of $267,511.00 and approximately $290,000.00.

Plaintiff further states that the amount paid by the defendants, still is less than the $674,881.51 agreed to by the appraisal panel needed to rebuild the plaintiff's home. Also, that the amount paid is still woefully less than the total amount of $865,2030.11 demanded in plaintiff's bad faith letter which included the appraisal amounts and a inflation amount that averaged 9.3%, that was not paid, as well the amounts the plaintiff was willing to forgo in the aforesaid settlement. Plaintiff states he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1 concerning the exact amounts paid by State Farm without their production of those amounts.

2. Plaintiff admits the allegations of paragraph 2.

3. Plaintiff admits State Farm is organized under the laws of the State of Illinois.

4. Plaintiff is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4.

5. Plaintiff admits the allegations of paragraph 5.

6. Plaintiff admits the allegations of paragraph 6.

7. Plaintiff admits the allegations of paragraph 7.

8. Plaintiff admits the allegations of paragraph 8.

9. Plaintiff admits the allegations of paragraph 9.

10. Plaintiff admits the allegations of paragraph 10.

11. Plaintiff admits the allegations of paragraph 11.

12. Plaintiff admits the allegations of paragraph 12.

13. Plaintiff admits the allegations of paragraph 13.

14. Plaintiff admits the allegations of paragraph 14.

15. Plaintiff admits the allegations of paragraph 15.

16. Plaintiff admits the allegations of paragraph 16.

17. Plaintiff denies the allegations of paragraph 17. To the extent State Farm is stating by omission and silence before the court, and is stating that the plaintiff and his attorney was acquiescing and willing to accept the "date of the loss" (the date of the fire May 1st 2018) to calculate the inflation payment, without objection, protest, and demand that State Farm revel and represent to the plaintiff and his attorney, weather not that date was the correct and accurate date required by the policy.

Plaintiff states that State Farm through their attorneys Tom Martin and Tom Curvin, and their employees, David Fisher, Jon Hatch, Carlos Diaz, and Frank Gatlin never informed the Plaintiff of his right to inflation payments of any kind, before the plaintiff inquired about it, and never provided an official assessment of all the plaintiffs coverages in over 4 years despite repeated demands by the plaintiff.

18. Plaintiff admits the allegations of paragraph 18.

19. Plaintiff denies the allegations of paragraph 19. State Farm through attorney Tom Curvin, did not *"explain that State Farm was only willing to settle this dispute using an inflation adjustment date as of the date of loss". "As explained in earlier correspondence, State Farm has applied the inflation index in effect on the date of loss, which is 239.5."* In fact, this is an intentionally misleading, by omission of the actual facts proven by the many emails between plaintiff and his attorney Karon Grimes and Tom Curvin.

20. Plaintiff denies the allegations of paragraph 20 generally.

**Accusation #1 of State Farm:** "State Farm offered to pay Cosby an additional $267,511.00, in exchange for a broad general release of all claims".

**Response:** Plaintiff denies the allegations of paragraph 20, and states in defense, that this is an incomplete and intentionally misleading statement, as plaintiff has asserted above, that this was a "conditional settlement" that hinged upon State Farm's representations concerning the correctness and divulging of the proper way the inflation coverage of the policy was to be calculated and from what date. These facts are supported by the plaintiff's over 20 emails demanding that State Farm affirm the facts concerning the inflation coverage and Defendants own emails acknowledging this request with an affirmative, but misrepresented statement of this

material fact. **SEE: EX: "A" Email from attorney Tom Curvin to Plaintiff affirming how the inflation was to be calculated**

**Accusation #2 of State Farm:** "In light of Cosby's previous repeated accusations of fraud—which State Farm denied—State Farm specified in writing that the release must include "any claim of fraud in the inducement of this Agreement." This was because Cosby had repeatedly accused State Farm of fraud over several years, and State Farm was not willing pay Cosby an additional $267,000 and still be exposed to yet another lawsuit seeking more money and making yet more accusations of fraud".

**Response:** Plaintiff denies the allegations of paragraph 20, and states in defense, that the plaintiff would have to know the presence of mind of the defendants, which he did not, but the plaintiff can prove that the specific statement "any claim of fraud in the inducement of this Agreement", was a point of contention in the negotiations because of the very reason the plaintiff was forced to file this suit. Plaintiff did not want any ambiguity that he was giving the defendants right to or acquiescence to any misrepresentation of any facts to him in the settlement negotiations. Defendants assured the plaintiff's attorney Karon Grimes that "this sentence was the format that State Farm uses in all of their settlements and that it could not be changed, and that because of a prior case with Dupont, that he had defended in the past -but that the formula to calculate the inflation coverage was

6

provided to him by State Farm and that they had no reason to lie". This conversation was confirmed via an email from attorney Curvin in response to a request to pay the correct inflation amounts by attorney Grimes before this suit was brought. **SEE: EX: "C and D" attorney Karon Grimes request to pay the correct inflation amounts before bringing suit, and the Email response of attorney Tom Curvin**

21. Plaintiff admits the allegations of paragraph 21.

22. Plaintiff admits the allegations of paragraph 22.

23. Plaintiff admits the allegations of paragraph 23.

24. Plaintiff denies the allegations of paragraph 24. State Farm did not state that "State Farm would not agree to Cosby's proposed changes to the Agreement". But State Farm through Tom Curvin made two assurances:

a.) The formula providing the calculation of the inflation index "on the date of the loss was provided by State Farm and that they had no reason to lie"; and

b.) That State Farm could not amend its "Settlement Contract", because "this is the only way State Farm settles its claims".

This was the contest of State Farm refusing to amended its contract, by assuring that State Farm was not inducing the plaintiff or his attorney into a fraudulent contract by assuring that the inflation calculations were correct, even though the contract would include the language, "and including but not limited to any claim of fraud in the inducement of this Agreement".

In other words, the attorney for State Farm, accepted the "condition-based settlement" even though he stated that State Farm's boiler plate settlement agreement had to remain the same. State Farm through their attorney, assured the plaintiff, that this format was the sole and only contract, State Farm uses when settling claims.

25. Plaintiff admits the allegations of paragraph 25.

26. Plaintiff admits the allegations of paragraph 26.

27. Plaintiff admits the allegations of paragraph 27.

28. Plaintiff admits the allegations of paragraph 28.

29. Plaintiff admits the allegations of paragraph 29.

30. Plaintiff denies the allegations of paragraph 30. and states as a defense: Prior breach by the Defendants, Condition precedent, Fraud, Statutes of Fraud, Unclean Hands, Unconscionability of the contract, Accord and satisfaction, Set-off, Failure to mitigate damages, and Waiver of defendant's right to claim a breach.

31. Plaintiff denies the allegations of paragraph 31., and states as a defense: Prior breach by the Defendants, Condition precedent, Fraud, Statutes of Fraud, Unclean Hands, Unconscionability of the contract, Accord and satisfaction, Set-off, Failure to mitigate damages, and Waiver of defendant's right to claim a breach.

32. Plaintiff denies the allegations of paragraph 32., and states as a defense: Prior breach by the Defendants, Condition precedent, Fraud, Statutes of Fraud, Unclean Hands, Unconscionability of the contract, Accord and satisfaction, Set-off, Failure to mitigate damages, and Waiver of defendant's right to claim a breach.

33. Plaintiff denies the allegations of paragraph 30., and states as a defense: Prior breach by the Defendants, Condition precedent, Fraud, Statutes of Fraud, Unclean Hands, Unconscionability of the contract, Accord and satisfaction, Set-off, Failure to mitigate damages, and Waiver of defendant's right to claim a breach.

34. Plaintiff denies the allegations of paragraph 31., and states as a defense: Prior breach by the Defendants, Condition precedent, Fraud, Statutes of Fraud, Unclean Hands, Unconscionability of the contract, Accord and satisfaction, Set-off, Failure to mitigate damages, and Waiver of defendant's right to claim a breach.

## CERTIFICATE OF COMPLIANCE

Under Local Rule 7.1D, I hereby certify that the foregoing **ANSWER TO COUNTERCLAIM OF DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY** complies with the font and point selections approved by the Court in Local Rule 5.1C. This document was prepared on a computer using 14 point Times New Roman font.

Respectfully submitted,

Anqous Cosby
2973 Skyview Dr.
Lithia Springs
Ga. 30122
Tel:404-895-3924
anqouscosby@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2022, I filed the foregoing with a copy of same by U.S. Mail, postage prepaid, upon the following:

Thomas W. Curvin (Ga. 202740)
Valerie S. Sanders (Ga. 625819)
**EVERSHEDS SUTHERLAND (US) LLP**
999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia 30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
tomcurvin@eversheds-sutherland.com
valeriesanders@eversheds-sutherland.com
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

Respectfully submitted,

Anqous Cosby
2973 Skyview Dr.
Lithia Springs
Ga. 30122
Tel:404-895-3924
anqouscosby@gmail.com

11